# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GERALD LEACH,<br><br>Defendant. | No. CR96-0012-MJM<br>No. C00-0145-MJM<br><br>ORDER |

This matter comes before the court on the defendant's "motion pursuant to federal rules civil procedure rule 60(b)(4)(6), to vacate, set-aside the order of judgment" (Docket No. 707), filed August 26, 2004, "request to amend and supplement pending motion filed under rule 60(b)(4)(6)" (Docket No. 709), filed May 13, 2005, and "motion for status" (Docket No. 711), filed July 25, 2005. The plaintiff did not file a resistance to any of the defendant's motions.

On August 27, 2004, the court characterized the defendant's "motion pursuant to federal rules civil procedure rule 60(b)(4)(6), to vacate, set-aside the order of judgment" as a second or successive motion pursuant to 28 U.S.C. § 2255 and deferred ruling on such motion. It is clear from the defendant's subsequent pleadings that he disagrees with the court's characterization of his "motion pursuant to federal rules civil procedure rule 60(b)(4)(6), to vacate, set-aside the order of judgment" as a second or successive motion pursuant to 28 U.S.C. § 2255. Contrary to the statements the defendant made in his subsequent pleadings, the challenge asserted in the "motion pursuant to federal rules civil procedure rule 60(b)(4)(6), to vacate, set-aside the order of judgment" is the type of

challenge properly submitted as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (stating that a "challenge to a federal conviction [. . .] is most appropriately brought as a motion under 28 U.S.C. § 2255"). On the other hand, a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is meant to address "some defect in the integrity of the federal habeas proceeding." *Gonzalez v. Crosby*, ___ U.S. ___, ___, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005).

Given the claims raised and the relief sought in the "motion pursuant to federal rules civil procedure rule 60(b)(4)(6), to vacate, set-aside the order of judgment", it appears the defendant is seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure in order to avoid the requirement in 28 U.S.C. § 2244(b)(3)(A) that he obtain authorization from the Eighth Circuit Court of Appeals to file a second or successive 28 U.S.C. § 2255 motion.[1] It is well settled that inmates may not circumvent the procedural requirement associated with bringing a second or successive 28 U.S.C. § 2255 motion by relabeling the motion. *United States v. Patton*, 309, F.3d 1093, 1094 (8th Cir. 2002) (affirming decision which denied defendant's petition under Rule 12(b)(2) of the Federal Rules of Criminal Procedure because the Eighth Circuit Court of Appeals has "consistently held that inmates may not bypass the limitation on successive habeas petitions" by attempting to invoke some other procedure) (citing *United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (writ of coram nobis); *Lurie*, 207 F.3d at 1077 (28 U.S.C. § 2241 motion); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997) (42 U.S.C. § 1983 claim); *Ruiz v. Norris*, 104 F.3d 163, 164 (8th Cir. 1997)

---

[1] 28 U.S.C. § 2244(b)(3)(A) provides:
Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(motion to recall mandate); *Mathenia v. Delo*, 99 F.3d 1476, 1480 (8th Cir. 1996) (Fed. R. Civ. P. 60(b)(6) motion)); *see also United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (Fed. R. Civ. P. 59(e)) (citing *Patton*, 309 F.3d at 1093); *United States v. Matlock*, 107 Fed. Appx. 697, 698 (8th Cir. 2004) (Fed. R. Civ. P. 60(b) motion) (citing *Patton*, 309 F.3d at 1093). "[B]oth the law and common sense suggest federal prisoners cannot skirt designated procedural pathways by renumbering their filings." *United States ex rel. Perez v. Warden*, 286 F.3d 1059, 1061 (8th Cir. 2002) (referring to prisoners' attempts to file 28 U.S.C. § 2241 motion in lieu of a proper 28 U.S.C. § 2255 motion). Thus, the defendant is unable to rely on Rule 60(b) of the Federal Rules of Civil Procedure; the defendant should have relied upon 28 U.S.C. § 2255 to invoke the jurisdiction of the court.

When construed as a challenge pursuant to 28 U.S.C. § 2255, the defendant's challenge constitutes a second or successive 28 U.S.C. § 2255 motion because he previously sought relief under such statute. *Cf. Tyler v. Purkett*, 413 F.3d 696, 700-01 (8th Cir. 2005) (concluding district court properly construed motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure as a second or successive petition because it ultimately sought to resurrect the denial of his earlier habeas petitions by asserting new claims of error in his state conviction and reasserting prior claims) (citing *Gonzalez*, ___ U.S. at ___, and *Lambros*, 404 F.3d at 1034); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (directing district court "to file and then dismiss [. . .] motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure because it is, on its face, a second or successive 28 U.S.C. § 2255 [motion]"). Consequently, the defendant, before filing his "motion pursuant to federal rules civil procedure rule 60(b)(4)(6), to vacate, set-aside the order of judgment", needed to move the Eighth Circuit Court of Appeals for authorization allowing the court to file and consider such motion. *See* 28 U.S.C. § 2244(b)(3)(A). Because the defendant did not obtain authorization according to 28 U.S.C. § 2244(b)(3)(A), it is appropriate to dismiss his "motion pursuant to

federal rules civil procedure rule 60(b)(4)(6), to vacate, set-aside the order of judgment". *Boyd*, 304 F.3d at 814 (instructing courts to dismiss motion which is second or successive 28 U.S.C. § 2255 motion for failure to obtain authorization from court of appeals, or in its discretion, transfer motion to court of appeals).

In sum, the defendant's "motion pursuant to federal rules civil procedure rule 60(b)(4)(6), to vacate, set-aside the order of judgment" is, on its face, a second 28 U.S.C. § 2255 motion and the defendant did not move the Eighth Circuit Court of Appeals for authorization allowing the court to file and consider such motion.[2] Accordingly, the defendant's "motion pursuant to federal rules civil procedure rule 60(b)(4)(6), to vacate, set-aside the order of judgment" and "request to amend and supplement pending motion filed under rule 60(b)(4)(6)" shall be dismissed. In addition, the defendant's "motion for status" shall be denied as moot.

**IT IS THEREFORE ORDERED:**

1) The defendant's "motion pursuant to federal rules civil procedure rule 60(b)(4)(6), to vacate, set-aside the order of judgment" (Docket No. 707) and "request to amend and supplement pending motion filed under rule 60(b)(4)(6)" (Docket No. 709) are DISMISSED for failure to comply with 28 U.S.C. § 2244(b)(3)(A).

2) The defendant's "motion for status" (Docket No. 711) is DENIED as moot.

---

[2] The court notes that, since the court entered its August 27, 2004 order, the Supreme Court decided *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). In addition, on July 7, 2005, the Eighth Circuit Court of Appeals determined "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." *Never Misses a Shot v. United States*, 413 F.3d 781, ___ (8th Cir. 2005). It is clear from those cases that the defendant is unable to rely on *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), or related cases to support a request for authorization to file a second or successive motion pursuant to 28 U.S.C. § 2255. Consequently, authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) would not be granted.

DATED this 26th day of Sept., 2005.

_____
Michael J. Melloy
UNITED STATES CIRCUIT JUDGE
Sitting by Designation