# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR96-0012-LRR |
| vs. | |
| GERALD LEACH, | **ORDER** |
| Defendant. | |

This matter is before the court pursuant to the defendant's motion for relief from judgment (docket no. 735). The defendant filed such motion on January 11, 2011. The government did not file a resistance, and the court did not order it to do so.[1]

In support of his motion for relief from judgment, the defendant cites Federal Rule of Civil Procedure 60(b). He is once again attempting to challenge the judgment that entered against him on November 7, 2003. In an effort to gain relief from his sentence, the defendant misstates the record. He claims that the court should have examined how it calculated his criminal history because he properly raised such claim in his motion to vacate, set aside or correct sentence but failed to do so. As the court made clear in its prior order, the defendant never objected to his criminal history scoring, and he did not raise the court's computation of his criminal history as an independent ground. Even if the defendant's criminal history score was properly raised as part of his assertion that the district court erred when it determined his sentence, such claim would have been procedurally defaulted. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001) (discussing when claims are procedurally defaulted). Asserting that his 1989 Illinois

---

[1] The court assumes without deciding that the defendant's instant motion is properly before the court.

conviction for possession and distribution of cocaine should have been considered relevant conduct under USSG §1B1.3 because it was part of his conspiracy conviction in the instant case is not the same as asserting that counsel provided ineffective assistance because he never raised as an issue the assessment of four criminal history points. Moreover, in the instant motion, the defendant asserts no facts that indicate the court erred when it relied on USSG §4A1.1(b) and USSG §4A1.1(d) to assess four criminal history points. No facts are asserted that establish the 1989 Illinois conviction is at all related or connected to the criminal conspiracy that the defendant engaged in and the government indicted in 1996. Because it is frivolous, the motion for relief from judgment (docket no. 735) is denied.

**IT IS SO ORDERED**.

**DATED** this 21st day of June, 2011.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA