# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> GERALD LEACH, <br><br> Defendant. | No. CR96-0012-LRR <br><br> **ORDER** |

This matter is before the court pursuant to the defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) (docket no. 724), motion for appointment of counsel (docket no. 732) and motion to amend his motion to reduce sentence (docket no. 736). The defendant filed his motion to reduce sentence under 18 U.S.C. § 3582(c)(2) on June 20, 2008, his motion for appointment of counsel on February 19, 2009 and his motion to amend his motion to reduce sentence on April 26, 2011.[1]

For the instant matter, the court does not intend to appoint counsel. *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (concluding that there is no right to assistance of counsel when pursuing relief under 18 U.S.C. § 3582(c)). Accordingly, the defendant's motion for appointment of counsel shall be denied. Further, the court does not intend to conduct a hearing prior to denying a reduction based on 18 U.S.C. § 3582(c). *Id.* (finding that a judge need not hold a hearing on a motion pursuant to 18 U.S.C. § 3582(c)); *see also* Fed. R. Crim. P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding that involves the correction or reduction of a sentence under 18

---

[1] At the court's request, the United States Probation Office prepared a memorandum that, among other things, addresses the defendant's eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2).

U.S.C. § 3582(c)).  With respect to his request to amend, the court will consider the additional material that the defendant provided to the court.  Accordingly, the defendant's motion to amend his motion to reduce sentence shall be granted.

In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission.").

On November 1, 2007, the Sentencing Commission issued Amendment 706, as amended by Amendment 711, to USSG §2D1.1.  *See generally* USSG App. C at www.ussc.gov.  Amendment 706 generally reduces by two levels the offense level that is applicable to cocaine base ("crack") offenses.  On December 11, 2007, the Sentencing Commission voted to apply Amendment 706 retroactively to crack offenses, and it set March 3, 2008 as the date that Amendment 706 could be applied retroactively.  The Sentencing Commission also promulgated amendments to USSG §1B1.10, which sets forth the conditions that must exist before a defendant is entitled to a sentence reduction as a result of an amended guideline range.  *See generally* USSG App. C at www.ussc.gov.  New USSG §1B1.10 took effect on March 3, 2008 and, in relevant part, states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that

> defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG §1B1.10(a)(1); *see also* USSG §1B1.10, comment. (n.1) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range."). The Sentencing Commission included Amendment 706 within subsection (c). USSG §1B1.10(c). Further, on April 16, 2008, the Sentencing Commission promulgated Amendment 715 to USSG §2D1.1 and USSG §1B1.10, and it set May 1, 2008 as the date that Amendment 715 could be applied retroactively. *See generally* USSG App. C at www.ussc.gov. With respect to USSG §2D1.1, Amendment 715 modifies the commentary, that is, revises the manner in which combined offense levels are determined in cases involving crack and one or more other controlled substance. Concerning USSG §1B1.10, the Sentencing Commission deemed it appropriate to include Amendment 715 within subsection (c). USSG §1B1.10(c).

Nevertheless, the court is unable to rely on either Amendment 706 or Amendment 715 to reduce the defendant's sentence. *See generally United States v. Curry*, 584 F.3d 1102, 1104 (8th Cir. 2009) (discussing *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997)) (explaining requirements under USSG §1B1.10(b)). Based on a total adjusted offense level of 42 and a criminal history category of III, the court previously determined the defendant's guideline range to be 360 months imprisonment to life imprisonment. The court sentenced the defendant to 420 months imprisonment on count 1 of the superseding indictment. Here, a total adjusted offense level of 40 and a criminal history category of III results in an amended guideline range of 360 months imprisonment to life imprisonment. Because the amended guideline range is the same as the original guideline range, the defendant is not entitled to a reduction of his 420 month term of imprisonment.

*See* USSG §1B1.10(a)(2)(B) ("A reduction . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."); USSG §1B1.10, comment. (n.1) (making clear that a reduction is not authorized under 18 U.S.C. § 3582(c)(2) if an amendment in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range). Although the defendant does move down the sentencing grid to a lower total adjusted offense level, the court is unable to reduce the defendant's sentence under 18 U.S.C. § 3582(c)(2) because the defendant's applicable guideline range remains unchanged. *See United States v. McFadden*, 523 F.3d 839, 840-41 (8th Cir. 2008) (concluding that, unless the applicable sentencing range changes, a reduction in the base offense level does not allow for a sentence reduction); *see also United States v. Roa-Medina*, 607 F.3d 255, 260-61 (1st Cir. 2010) (holding that a sentence reduction under 18 U.S.C. § 3582(c)(2) was not available because the amendment does not have the effect of lowering the defendant's applicable guideline range); *United States v. Spells*, 322 Fed. App'x 171, 173 (3d Cir. 2009) (rejecting the argument that a decrease in the base offense level gave the district court authority to reduce a sentence when there was no change in the applicable sentencing range); *United States v. Lindsey*, 556 F.3d 238, 242-46 (4th Cir. 2009) (concluding that the defendant could not rely on 18 U.S.C. § 3582(c)(2) because the amendment does not have the effect of lowering the applicable guideline range); *United States v. Carabello*, 552 F.3d 6, 10-12 (1st Cir. 2008) (holding that a defendant must establish that an amended guideline has the effect of lowering the sentencing range actually used at his or her sentencing in order to engage the gears of 18 U.S.C. § 3582(c)(2)); *United States v. Gonzalez-Balderas*, 1997 U.S. App. LEXIS 12677, *9 (5th Cir. 1997) (finding that, although the amendment did lower the defendant's offense level, the district court did not err when it summarily denied the defendant's motion under 18 U.S.C. § 3582(c)(2) because the amended guideline range remained the same).

In his motion, the defendant appears to implicitly recognize that he is unable to rely on 18 U.S.C. § 3582(c)(2) to reduce his sentence because his amended guideline range is the same as the sentencing range actually used at his sentencing. Nonetheless, the defendant argues that the court is able to reduce his sentence because it has discretion under *United States v. Booker*, 543 U.S. 220, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005), and 18 U.S.C. § 3553(a). It is now clear that *Booker* does not apply to proceedings under 18 U.S.C. § 3582(c)(2) and district courts are constrained to impose a term of imprisonment that is within the amended guideline range unless it originally imposed a below-guidelines sentence. *Dillon v. United States*, ___ U.S. ___, ___, 130 S. Ct. 2683, 2691-92, 177 L. Ed. 2d 271, 284-85 (2010); *see also Harris*, 568 F.3d at 669 (citing *United States v. Starks*, 551 F.3d 839 (8th Cir. 2009)). Because the scope of 18 U.S.C. § 3582(c)(2) is narrow and the court is unable to treat USSG §1B1.10(b) as nonbinding, the defendant is not entitled to be resentenced. *Id*.

Based on the foregoing, the court concludes that a reduction under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10 is not warranted. The defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) shall be denied.[2] The clerk's office is directed to send a copy of this order to the United States, the defendant and the Federal Public Defender.

**IT IS THEREFORE ORDERED**:

1) The defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) (docket no. 724) is denied.

---

[2] The court notes that, if Congress does not act, Amendment 750 (Parts A and C only) will become effective on November 1, 2011. Nothing the court stated in the instant order impacts whether the defendant is eligible for a sentence reduction in light of Amendment 750 (Parts A and C only).

2) The defendant's motion for appointment of counsel (docket no. 732) is denied.

3) The defendant's motion to amend his motion to reduce sentence (docket no. 736) is granted.

**DATED** this 14th day of October, 2011.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA